WHITMAN V CITY OF BURTON, No. 152138; reported below: 311 Mich App 315. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate those parts of the Court of Appeals opinion holding that a plaintiff's actions or conduct, as an objective matter, must advance the public interest to entitle a plaintiff to the protection of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, and that the plaintiff here failed to establish sufficient evidence of the necessary causal connection between his claimed protected activity and the alleged adverse employment action to avoid a judgment notwithstanding the verdict. In light of the Court of Appeals' holding that, pursuant to *Wurtz v Beecher Metro Dist*, 495 Mich 242 (2014), the plaintiff is not an "employee" placed to bring a claim under the WPA, resolution of these other issues was unnecessary. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. The motion to expedite proceedings is denied as moot.

*Leave to Appeal Denied February 3, 2016:*

PEOPLE V BRADFORD, No. 151638; Court of Appeals No. 325048.

PEOPLE V AKRAM, No. 151817; Court of Appeals No. 315402.

AUTO-OWNERS INSURANCE COMPANY V NYHOF, No. 151954; Court of Appeals No. 320256.

PEOPLE V HAROLD JOHNSON, No. 151991; Court of Appeals No. 320412.

PEOPLE V TODD ROBINSON, No. 152048; Court of Appeals No. 317282.

PEOPLE V AL-SHARA, No. 152439; reported below: 311 Mich App 560.

PEOPLE V AL-SHARA, No. 152540; Court of Appeals No. 320628.

*Orders Granting Oral Argument in Cases Pending on Application for Leave to Appeal Entered February 5, 2016:*

McLAIN V LANSING FIRE DEPARTMENT, No. 151421; reported below: 309 Mich App 335. The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether the hospital intern's medical progress notes indicating that the plaintiff's decedent had been observed with the breathing tube lodged in her esophagus were admissible evidence; and (2) if so, whether the Court of Appeals correctly ruled that even if they were admissible, the notes were insufficient to create a question of fact as to whether the defendants were grossly negligent. The parties should not submit mere restatements of their application papers.

KEMP V FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, No. 151719; Court of Appeals No. 319796. The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether the plaintiff's injury is closely related to the transportational function of